IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) Case No. 10 CR 195 – 1, 3 ) |
| BRIAN HOLLNAGEL, BCI AIRCRAFT LEASING, INC. | ) ) ) |

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter coming to be heard on the motion of Defendants, Brian Hollnagel and BCI Aircraft Leasing, Inc. ("BCIAL"), for the entry of a Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act of 1996 (see Pub. L. 104-191, 110 Stat. 1936), due notice hereof having been given, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED AS FOLLOWS**:

1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI"), pertaining to Robert Carlsson, subject to the conditions outlined herein.

2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 160.501. Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) However, this order is not authorization to obtain records. All parties must fully comply with all applicable discovery rules, statutes and precedent. Upon such compliance, all "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Robert Carlsson to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4) The parties and their attorneys shall be permitted to use the PHI of Robert Carlsson solely for matters reasonable connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, and consultants), the parties' insurers, experts, consultants, court reporters, copy services, and jurors.

3500866.1

5) At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received pursuant to paragraph 4 of this order shall destroy any and all copies of PHI pertaining to Robert Carlsson except: 1) the defendant that is no longer in the litigation may retain PHI generated by him/her/it; and 2) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to Paragraph 4 of this order, may retain PHI in their possession until the conclusion of their involvement in the litigation.

6) This order shall not control or limit the use of protected health information pertaining to Robert Carlsson that comes into the possession of any party or any party's attorney from a source other than a "covered entity" as that term is defined in 45 CFR 160.103.

7) Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, patient authorization or attorney-client communications. Likewise, nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Development Disabilities Confidentiality Act (740 ILCS 110/1 et seq.), the Aids Confidentiality Act (410 ILCS 305/1 et seq.) or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 2390dd-3 290ee-3, and 42 CFR Part 2).

December 28, 2011
**ENTER**

_____
**HONORABLE AMY J. ST. EVE**